## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| TYSON TIMBS, on his own behalf, and on behalf of a Class of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE GRANT COUNTY PROSECUTOR, JAMES LUTTRULL, in his official capacity and individual capacity, <br><br> THE GRANT COUNTY SHERRIFF, REGGIE NEVELS, in his official capacity and individual capacity, and <br><br> THE MARION POLICE CHIEF, ANGELA HALEY in her official capacity and individual capacity, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 1:17-cv-372 <br> ) <br> ) COMPLAINT – CLASS ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REQUEST FOR TRIAL BY JURY

COMES NOW Tyson Timbs, on behalf of himself; and all others similarly situated

("Plaintiffs"), by counsel, Jeff Cardella, and would state as follows:

## I. INTRODUCTION

1.      This is a class action complaint for injunctive and declaratory relief challenging the

seizure of automobiles pursuant to IC § 34-24-1-2(a)(1).

2.      The Fifth and Fourteenth Amendment to the United States Constitution guarantee Due

Process.

3.      "Indiana Code Section 34-24-1-1(a)(1), read in conjunction with Indiana Code provisions

of the same chapter, violates the Due Process Clause of the Fifth and Fourteenth

Amendments." *Washington v. Marion County Prosecutor*, No. 1:16-cv-02980-JMS-DML, 2017 U.S. Dist. LEXIS 132235, at \*48 (S.D. Ind. 2017).

4.     Indiana Code Section 34-24-1-1(a)(1) *et seq.* violates Due Process and is therefore unconstitutional because it allows the executive branch to seize and hold the automobile of an owner for several months, or sometimes years, without affording the owner the right to a postseizure preforfeiture hearing to challenge the seizure. *Id. See also Krimstock v. Kelly*, 306 F.3d 40, 68-69 (2d Cir. 2002) (When a vehicle is seized by law enforcement for the possibility of forfeiture, Due Process requires a prompt postseizure preforfeiture hearing to test the probable validity of the deprivation *pendente lite*, including the probable cause for the initial warrantless seizure and the necessity and legitimacy of continued impoundment.) *cert. denied*, *Kelly v. Krimstock*, 539 U.S. 969, 123 S. Ct. 2640 (2003).

5.     The seizure and retention of automobiles for forfeiture (permitted by Indiana Code Sections 34-24-1-1(a)(1), (4), (15), (18) and Indiana Code Sections 34-24-1-1-(b)) that occurs pursuant to the procedure in Indiana Codes Section 34-24-1-2(a)(1) and the subsequent holding of the automobile without a postseizure preforfeiture hearing (permitted by Indiana Code Section 34-24-1-3 and Indiana Code Section 34-24-1-2(c)) violates Due Process.

6.     Indiana Code Section 34-24-1-2(a)(1) allows the executive branch to seize automobiles that have been used in conjunction with certain illegal activities.[1]  Indiana Code Section 34-24-1-2(a)(1) allows automobiles to be seized and held, regardless of who owns it, so long as the seizure is incident to a lawful arrest, search, or administrative inspection.  No

---

[1] The illegal activities (many of which are drug related) which allow for seizure of a vehicle are listed in IC § 34-24-1-1.

inquiry is made into whether the property owner was involved in or even aware of the illegal activity.[2] Under Indiana law, a police officer who actually believes an innocent owner exists would still be allowed to seize the automobile to have it held for forfeiture. After an automobile is seized, the executive branch can hold the automobile for up to 180 days without taking any action (or 90 days from the date of receiving written notice from the owner demanding return of the seized property).[3] *See* IC § 34-24-1-3. During this waiting period, the owner of the automobile has no legal ability to challenge the seizure, as replevin is barred. IC § 34-24-1-2(c). If the State decides to file a forfeiture claim against the automobile within the 180 day (or 90 day) window, the automobile is held indefinitely until the forfeiture case is concluded, which is often several additional months.

7.    Indiana law does contain an "innocent owner" provision. *$100 v. State*, 822 N.E.2d 1001, 1011 (Ind. Ct. App. 2005) (citing IC § 34-24-1-4(a)). However, because replevin is barred, there is no opportunity to address the issue of an innocent owner until the final forfeiture hearing, which is generally months after the seizure.

8.    Additionally, under Indiana law, forfeiture of a vehicle requires that the vehicle's involvement in illegal activity be more than "incidental or fortuitous." *Serrano v. State*, 946 N.E.2d 1139, 1143-44 (Ind. 2011) (citing *Katner v. State*, 655 N.E.2d 345, 348-49 (Ind. 1995).

---

[2] There is one narrow exception in which the owner of the vehicle becomes relevant. Under IC § 34-24-1-1(e) the vehicle must belong to the defendant or defendant's spouse if (1) an individual has two operating while intoxicated convictions in the previous 5 years and the individual operates a vehicle while intoxicated, or (2) if an individual has two operating while intoxicated convictions in the previous 5 years and operates a vehicle with a suspended license. For all other vehicle seizures listed in IC § 34-24-1-1, no inquiry is made into who owns the vehicle that is being seized. However, because of the lack of an early hearing, there is no opportunity to raise this issue until the final forfeiture trial.

[3] In *Krimstock,* the New York statute that was found to be unconstitutional required the forfeiture action to be brought "within 25 days after the date of demand" for return of property. 306 F.3d at 54.

9.    Former Chief Justice of the Indiana Supreme Court, Randall Shepard, has noted:

> An important feature of many of these [forfeiture] statutes is
> characterization of the process as civil forfeiture under which (by
> contrast to criminal forfeiture) a property owner need not be found
> guilty of a crime—or even charged—to lose permanently their
> cash, car, home or other property.  The relative ease of effecting
> such forfeiture and the disposition of the assets have become a
> matter of public note.

*Serrano*, 946 N.E.2d 1141, 1143-44 (Ind. 2011).

10.   On the date of this filing, a courtesy letter (and e-mail) was sent to the Indiana Attorney

General notifying him of this suit and informing him that this suit challenges the

constitutionality of an Indiana statute.

## II. JURISDICTION AND VENUE

11.   This lawsuit arises under 42 U.S.C. § 1983 to redress the deprivation of rights, privileges

and immunities secured by the United States Constitution.

12.   This Court has jurisdiction to enter declaratory relief pursuant to 28 U.S.C. § 2201 and

2202 and Rule 57 of the Federal Rules of Civil Procedure.

13.   This Court has jurisdiction to enter injunctive relief pursuant to Rule 65 of the Federal

Rules of Civil Procedure.

14.   Venue is proper in the Northern District of Indiana, Fort Wayne Division, pursuant to 28

U.S.C. § 1391(b), which allows for an action to be brought in the district where the

Defendants reside or in which the cause of action arose.  This cause of action arose in

Grant County, Indiana.  Additionally, Defendants are located in Grant County, Indiana.

Grant County, Indiana is in the Northern District of Indiana, Fort Wayne Division.

## III. PARTIES

15.   Plaintiff Tyson Timbs is an adult resident of Marion County, Indiana.

16.     Defendant Grant County Prosecutor James Luttrull is the officer with direct authority

        over the Grant County Prosecutor's Office, the governmental agency responsible for

        prosecuting actions for forfeiture in Grant County, Indiana.  His office is located in

        Marion, in Grant County, Indiana.  He is sued in his official and individual capacity.

17.     Defendant Grant County Sherriff Reggie Nevels is the officer with direct authority over

        the Grant County Sherriff Department.  His office is located in Marion, in Grant County,

        Indiana.  He is sued in his official and individual capacity.

18.     Defendant Marion Police Chief Angela Haley is the officer with direct authority over the

        Marion Police Department.  Her office is located in Marion, in Grant County, Indiana.

        She is sued in her official and individual capacity.

## IV. CLASS ACTION ALLEGATIONS

19.     Tyson Timbs seeks to bring this action on his own behalf and on behalf of a class of those

        similarly situated pursuant to Rule 23(a) and (b)(1)(B), or (b)(2), of the Federal Rules of

        Civil Procedure.

20.     The class is defined as:

> All persons who own automobiles that are being held pursuant to
> Indiana Code § 34-24-1-1(a)(1), by the Grant County Prosecutor's
> Office, the Grant County Sherriff, the Marion Police Department,
> or any agent of those entities.

21.     The class meets all the requirements of Rule 23(a) of the Federal Rules of Civil

        Procedure.

        a.      Although the exact size of the class is unknown, many automobiles are seized by

                the Defendants in Grant County, Indiana.  The class members and the number of

                class members are changing on a daily basis.  The class is so numerous that

                joinder of all members is impracticable and the numerosity requirement of Rule

23(a)(1) is met. Additional information concerning the size of the class will be filed with the Court after the completion of discovery.

    b.     There are common questions of law or fact as required by Rule 23(a)(2), namely whether Indiana Code Section 34-24-1-2(a)(1) is unconstitutional.

    c.     The claims of the representative parties are typical of those of the class as required by Rule 23(a)(3).

    d.     The representative parties are adequate class representatives as required by Rule 23(a)(4).

22.    The further requirements of Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure are met here in that prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications.

23.    The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met here in that the above named Defendants have acted or refused to act in ways generally applicable to the class as a whole, thereby making injunctive and declaratory relief appropriate.

V. FACTUAL ALLEGATIONS

24.    In January 2013, Plaintiff purchased a Land Rover LR2 ("Land Rover") for $42,058.30.

25.    On May 31, 2013, Defendants seized the Land Rover and held the Land Rover for forfeiture, pursuant to Indiana Code section 34-24-1-2(a)(1).

26.    No probable cause or postseizure preforfeiture hearing was held concerning retention of the Land Rover.

27.     Grant County does not and never has conducted probable cause or postseizure
        preforfeiture hearings for property seized pursuant to Indiana Code Section 34-24-1-
        1(a)(1).

28.     On August 28, 2015, the Trial Court ordered the Land Rover released.  The State
        appealed.  The Court of Appeals affirmed the Trial Court's order. *State v. Timbs*, 62
        N.E.3d 472 (Ind. Ct. App. 2016), vacated.  The State appealed.  The Indiana Supreme
        Court granted transfer. *State v. Timbs*, No. 27S04-1702-MI-70, 2017 Ind. LEXIS 95, at
        *1 (Feb. 9, 2017).  The matter is currently pending before the Indiana Supreme Court.[4]

29.     On August 23 of 2017, Plaintiff contacted Prosecutor James Luttrull, through counsel,
        requesting immediate release of the Land Rover.[5]  This communication was ignored.

30.     On August 24 and August 25 of 2017, Plaintiff left voicemails for the JEAN team[6]
        requesting release of the Land Rover.  These voicemail messages were ignored.

31.     As of the date of this filing, the Defendants are still holding the Land Rover pursuant
        Indiana Code section 34-24-1-2(a)(1).

32.     Defendants did not rely on a warrant.

---

[4] It is important to note that the State case deals with whether forfeiture of the vehicle would violate the Excessive
Fines clause.  The State case does not address the Due Process Clause and the question of whether continued
retention of the vehicle during the pendency of the Case is constitutional.  Allowing this Federal case to proceed will
not in any way interfere with the State case.  This Federal case merely seeks release of the vehicle while the State
case is pending, as is required by Due Process.

[5] This communication was sent by e-mail on August 23 of 2017 at 1:03 PM and contained the following language:
"It is my understanding that there is currently a forfeiture hold on a 2012 Land Rover LR2 that belongs to Tyson
Timbs.  It is my understanding that the vehicle is being held pursuant to the Indiana Forfeiture statute that was held
unconstitutional in the recent case of *Leroy Washington v. Marion County Prosecutor, et al.*, 1:16-cv-02980.
Therefore, any continued retention of the vehicle is illegal and unconstitutional.  We are requesting that the vehicle
be released immediately.  It is our hope that this matter can be resolved amicably.  However, if the vehicle is not
released by August 25th at noon, we will seek intervention from the Federal Court.  Please be mindful that if we are
forced to seek intervention from the Federal Court, we will be requesting actual damages as well as attorney's fees.
Additionally, because any continued retention of the vehicle violates clearly established law, we would also be
seeking punitive damages.  I would encourage you to speak to Jon Naggy or Ben Legge with the Indiana Attorney
General's office before making a decision as to how to proceed.  Again, it is my hope that this matter can be
resolved amicably and without litigation."

[6] The JEAN team is composed of members of the Grant County Prosecutor's Office, the Grant County Sheriff's
Department, and the Marion Police Department.

33. At all times, Defendant acted under color of State law.

34. Defendants acted with the intention of violating Plaintiff's rights or with reckless or callous indifference regarding those rights and are therefore liable for punitive damages.

## VI. LEGAL CLAIMS

35. The seizure and/or retention of the Plaintiff's Land Rover and the Classes' automobiles pursuant to Indiana Code Section 34-24-1-2(a)(1) is, and will continue to be, a violation of Due Process under the Fifth and Fourteenth Amendments to the United States Constitution.

## VII. JURY DEMAND

36. Plaintiff requests a trial by jury.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Certify this case as a class action with the class as certified as specified above.

3. Enter a declaratory judgment stating that the seizure of automobiles pursuant to Indiana Code Section 34-24-1-2(a)(1) violates the Fifth and Fourteenth Amendment to the United States Constitution.

4. Enter a preliminary injunction, later to be made permanent, enjoining Defendants from seizing or retaining automobiles pursuant to Indiana Code Section 34-24-1-2(a)(1).

5. Award the named Plaintiff his actual damages, punitive damages, costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

6.    Award the Class Plaintiffs their costs and reasonable attorneys' fees pursuant to

42 U.S.C. § 1988.

7.    Award Plaintiffs all other proper and just relief.

/s/ Jeff Cardella
Jeff Cardella
Atty. No. 27051-49
The Law Office of Jeff Cardella, LLC
333 N. Alabama St. # 357
Indianapolis, IN 46204
Phone: (317) 695-7700
Fax: (317) 454-1334
Email: jeffcardella@cardellalawoffice.com
Web: www.cardellalawoffice.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing, a copy of the foregoing pleading was sent to the below listed parties by US Certified mail.

/s/ Jeff Cardella
Jeff Cardella

Grant County Prosecutor James Luttrull
101 E 4th Street
Marion, IN 46953

Grant County Sherriff Reggie Nevels
214 East 4th St
Marion, IN 46952

Marion Police Chief Angela Haley
301 South Branson St # 196
Marion, IN 46952