UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYSON TIMBS, on his own behalf, and on behalf of a Class of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE GRANT COUNTY PROSECUTOR, JAMES LUTTRULL, in his official capacity and individual capacity, <br><br> THE GRANT COUNTY SHERRIFF, REGGIE NEVELS, in his official capacity and individual capacity, <br><br> THE MARION POLICE CHIEF, ANGELA HALEY in her official capacity and individual capacity, and <br><br> Defendants. | CAUSE NO. 1:17-cv-372 <br><br> COMPLAINT – CLASS ACTION |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Comes Now the Plaintiffs, by counsel, who would state as follows:

**I.  Plaintiffs are facing irreparable harm for which there is no adequate remedy at law.**

The loss of one's vehicle for a period of several months is a harm.

> Neither the arresting officer's unreviewed probable cause determination nor a court's ruling in the distant future on the merits of the City's forfeiture claim can fully protect against an erroneous deprivation of a claimant's possessory interest as his or her vehicle stands idle in a police lot for months or years."

*Krimstock*, 306 F.3d at 62.

**II.  The balance of harm favors the Plaintiffs.**

"The more likely it is that [the moving party] will win its case on the merits, the less the balance of harms need weigh in its favor." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of*

*U.S. of America, Inc.*, 549 F.3d 1079, 1100 (7th Cir. 2008) (internal citation omitted). Because Plaintiffs are likely to prevail in the present case, there is a reduced need to address this balance. However, this balance still weighs strongly in the favor of the plaintiffs. The loss of a vehicle for several months can have catastrophic results for the owner and can not be brushed of as a buearocratic inconvenience.

> Vehicles are a particularly important form of personal property . . . A vehicle's importance as a means to earn a living and participate in the activities of daily life is particularly pronounced in Indiana, where public transportation options are limited, even in the state's largest cities.

*Washington v. Marion County. Prosecutor*, No. 1:16-cv-02980-JMS-DML, 2017 U.S. Dist. LEXIS 132235, at *38-39 (S.D. Ind. Aug. 18, 2017).

> The particular importance of motor vehicles derives from their use as a mode of transportation and, for some, the means to earn a livelihood. An individual has an important interest in the possession of his or her motor vehicle, which is often his or her most valuable possession.

*Krimstock*, 306 F.3d at 61.

> Automobiles occupy a central place in the lives of most Americans, providing access to jobs, schools, and recreation as well as to the daily necessities of life.

*Coleman v. Watt*, 40 F.3d 255, 260-61 (8th Cir. 1994)

> Americans in general love their cars. It is, however, particularly important, in the state which hosts the Indy 500 automobile race, to recognize that cars are sources of pride, status, and identity that transcend their objective attributes. We are extremely hesitant to countenance their casual violation.

*Brown v. State*, 654 N.E.2d 77, 80 n.3 (Ind. 1995). *See also Perry v. McDonald*, 280 F.3d 159, 174 (2d Cir. 2001) (an individual's interest in driving a vehicle represents a due process concern); *See also Stypmann v. City & County of San Francisco*, 557 F.2d 1338, 1342-43 (9th

Cir. 1977) (an owner has a "substantial" interest in "uninterrupted use of an automobile."); *See also* US. Supreme Court Justice Robert Jackson, *The Task of Maintaining Our Liberties: The Role of the Judiciary*, 39 A.B.A.J. 961, 963 (1953) ("My equal right to drive an automobile may be only a claim to use of property, but it concerns my personal freedom as well.").

While the owner of the vehicle faces a very real and actual harm due to the loss of their vehicle, the harm from having to attend a short postseizure preforfeiture hearing is minimal and the risk of the loss of the vehicle is largely speculative, theoretical, and unlikely to occur. As discussed earlier, the argument that the State should be able to hold a vehicle indefinitely, without a hearing, relies on the potential sale or destruction of the property in the interim. This argument relies on *Calero-Toledo v. Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663 (1974).  The *Calero-Toledo* yacht in Puerto Rico could very easily disappear into international waters and there is a very realistic possibility that the yacht could be sold in another Country. In all reality, in 1974, the *Calero-Toledo* yacht probably would have disappeared into international waters and never made its way back to the United States. However, the same risks do not exist for a vehicle within the state of Indiana. The risk of sale is significantly reduced when the property in question is a vehicle located within the State, especially when a hold could easily be placed on the title through the computer automated BMV, as is currently done for stolen vehicles. It is also hypothetically possible that an individual might try to drive the car to either Mexico or Canada to be sold, but the same procedures that prevent stolen cars from being driven over the Mexican or Canadian border could be used to prevent vehicles with forfeiture holds from being removed from the United States. Regarding the argument that the vehicle might be destroyed, this argument is somewhat illogical. If an owner destroys the vehicle, the owner is certain to lose all value of the vehicle. When forfeiture occurs, settlement is possible (and is quiet

common), which would be more advantageous than destruction. Also, there is always a possibility that the owner will be successful against the State in a forfeiture case. Even when a guilty owner is forced to decide whether to roll the dice in court, settle for a small amount, or destroy the vehicle, it is difficult to understand why any individual would choose to destroy the vehicle. In all of the research counsel has done, zero cases have been found where an owner choose to destroy his own property rather than settle or risk forfeiture.

Most importantly, the mere right to a postseizure preforfeiture hearing does not guarantee return of the vehicle, just as the right to a bond review does not guarantee that a criminal defendant will be released from custody.

Because a postseizure preforfeiture hearing is a minimal burden, and the risk of loss of the vehicle after such a hearing is purely hypothetical and speculative, and the harm that the plaintiffs will suffer is very real and actual, the balance of harms favors the issuance of relief for the plaintiffs.

**III.   The public interest favors a preliminary injunction.**

It is "always in the public interest to prevent violation of a party's constitutional rights." *Déjà vu of Nashville,* 274 F.3d at 400 (quoting *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) (internal quotation marks omitted)). Thus, the public interest is served by the enforcement of the Constitution and by the grant of a preliminary injunction.

**IV.   The injunction should issue without bond**

The issuance of a preliminary injunction will not impose any monetary injuries on the Defendants. In the absence of such injuries, no bond is required. *See, e.g.*, *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996). Additionally, "[t]he court has discretion to dispense

with the security requirement, or to request mere nominal security, where requiring security would effectively deny access to judicial review." *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency,* 766 F.2d 1319, 1325 (9th Cir. 1985).

## CONCLUSION

This Court should enter the previously requested preliminary injunction, without bond, against the defendants. In the event that the Court has hesitation concerning class certification, a preliminary injunction should still be entered for the named plaintiff ordering the immediate return of his Land Rover.

/s/ Jeff Cardella
Jeff Cardella
Atty. No. 27051-49
The Law Office of Jeff Cardella, LLC
333 N. Alabama St. # 357
Indianapolis, IN 46204
Phone: (317) 695-7700
Fax: (317) 454-1334
Email: jeffcardella@cardellalawoffice.com
Web: www.cardellalawoffice.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing, a copy of the foregoing pleading was sent to the below listed parties by US Certified mail.

/s/ Jeff Cardella
Jeff Cardella

Grant County Prosecutor James Luttrull
101 E 4th Street
Marion, IN 46953

Grant County Sherriff Reggie Nevels
214 East 4th St
Marion, IN 46952

Marion Police Chief Angela Haley

301 South Branson St # 196
Marion, IN 46952